**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES,**

      **Plaintiff,**

-vs-                                                  **Case No. 6:00-cr-59-Orl-19JGG**

**SALOMON DESRIVIERES,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed *pro se* by defendant Salomon Desrivieres in this criminal case:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS (Doc. No. 406)** |
| **FILED:** | **March 21, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.   INTRODUCTION**

Nearly five years after waiving his right to appeal from his sentence at change of plea, Desrivieres now seeks leave to proceed on appeal *in forma pauperis* in order to challenge sentencing enhancements for relevant conduct under *Booker*, *Fan Fan*, and *Blakely*. Docket No. 406. The main thrust of Desrivieres's motion is to request a copy of

1

the following documents from his court file at government expense: the First Superseding Indictment [Docket No. 56]; sentencing transcripts [237, 238, 255 (235 pages), 373]; order of judgment and commitment [243, 381], plea hearing transcripts [151 (71 pages)]; defendant's objection to Government's sentencing motion [ 379], and Defendant's objection to the P.S.I.R [in PSIR not on file]. Docket No. 406 at 3 of 7.

## II. THE LAW

### A. Applications for Leave to Appeal *In Forma Pauperis*

A defendant has a right to have his conviction reviewed by a court of appeals. *Coppedge v. United States*, 369 U.S. 438, 441 - 42 (1962). Under limited circumstances, a defendant also may appeal from his sentence. 18 U.S.C. § 3742 (a). After filing a **timely** notice of appeal, an indigent defendant is immediately faced with court fees for docketing his appeal in the court of appeals, and with the cost of preparing the record, including a stenographic transcript of all or part of the trial proceedings. *Coppedge*, 369 U.S. at 442 - 43. If a defendant is unable to meet *either or both* of these expenses, he can perfect his appeal only by applying for leave to appeal *in forma pauperis*. 369 U.S. at 443.

Statutory provision for litigation *in forma pauperis* in the federal courts is made by 28 U.S.C. § 1915, authorizing any court of the United States to allow indigent persons to prosecute, defend or appeal suits without prepayment of costs. *Coppedge*, 369 U.S. at 441. The application, to be made to the district court in which the defendant was convicted, must conform to the requirements of 28 U.S.C. § 1915 (a), and must include, in affidavit form, the defendant's representations of poverty, a statement of the case, and his belief that he is

entitled to redress.

The following statutory language guides the district court in passing upon the application: "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915 (a) (3). "Good faith" in the context of a criminal appeal is judged by an objective standard. *Coppedge*, 369 U.S. at 444. A defendant's good faith in a criminal appeal is demonstrated when he seeks appellate review of any issue not frivolous. 369 U.S. at 444 - 45. If an *in forma pauperis* appeal is attempted for reasons that may genuinely be characterized as the litigant's "bad faith," express authority exists in 28 U.S.C. § 1915 (e) for dismissal of the cause as frivolous. 369 U.S. at 444 - 45.

If the district court finds the application is not in good faith, and therefore denies leave to appeal *in forma pauperis*,[1] the defendant may seek identical relief from the court of appeals. *Coppedge*, 369 U.S. at 445. In considering such an application addressed to it, the district court's certificate is not conclusive, although it is entitled to weight.[2] 369 U.S. at 445 - 46.

The Federal Rules of Appellate Procedure also specify the procedure for taking

---

[1] On reference of a motion for leave to appeal *in forma pauperis*, a United States Magistrate Judge in the Middle District of Florida either would grant leave to appeal *in forma pauperis*, or would prepare a report and recommendation to the district judge recommending denial.

[2] It is not the burden of the petitioner to show that his appeal has merit, in the sense that he is bound, or even likely, to prevail ultimately. *Coppedge*, 369 U.S. at 447 - 48. He is to be heard, as is any appellant in a criminal case, if he makes a rational argument on the law or facts. *Coppedge*, 369 U.S. at 448. It is the burden of the Government, in opposing an attempted criminal appeal in *forma pauperis*, to show that the appeal is lacking in merit, indeed, that it is so lacking in merit that the court would dismiss the case on motion of the Government, had the case been docketed and a record been filed by an appellant able to afford the expense of complying with those requirements. *Coppedge*, 369 U.S. at 448.

3

appeals *in forma pauperis*. A party to an action in a district court who desires to proceed on appeal *in forma pauperis* must file *in the district court* a motion for leave so to proceed, together with an affidavit, showing in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which that party intends to present on appeal. Fed. R. App. P. 24 (a).[3] An appeal may not be taken *in forma pauperis* if the district court certifies in writing that it is not taken in good faith, or finds that the party is otherwise not entitled to proceed *in forma pauperis*. 28 U.S.C. § 1915 (a) (1996); Fed. R. App. P. 24 (a).

The district court conducts an *in camera* review of the financial circumstances of the defendant — and of the arrangements between the defendant and retained counsel regarding

---

[3]Rule 24 (a) of the Rules of Appellate Procedure provides:
**Leave to Proceed on Appeal *in Forma Pauperis* From District Court to Court of Appeals.** A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.
   Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court *in forma pauperis*, or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.
   If a motion for leave to proceed on appeal *in forma pauperis* is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.

4

the payment of litigation and appeals costs — before appointing substitute appellate counsel under the CJA to relieve retained counsel, and before relieving the defendant of his obligation to pay transcription costs and imposing the costs on the CJA fund. ADDENDUM FOUR, ELEVENTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT (d)(2), published in 1999 Florida Rules of Court — Federal (West) at 123 [hereinafter "ADDENDUM FOUR"]; 11th Cir. R. 24-1 (a). Eleventh Circuit Rule 46-1 (d) states the appellate obligations of retained counsel. Retained counsel for a criminal defendant must continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act ["CJA"], and may not abandon or cease representation of a defendant except upon order of the Court. 11th Cir. R. 46-1 (d)(1); *accord,* ADDENDUM FOUR; 11th Cir. R. 24-1 (a). The district court is not generally authorized to appoint counsel on appeal to represent a defendant who was represented in the district court by retained counsel without first conducting an in camera review of the financial circumstances of the defendant and of the fee arrangements between the defendant and retained trial counsel. *Id.*

### B. The Role of United States Magistrate Judges

Congress has provided that either the "Court" or the United States Magistrate Judge may authorize counsel to obtain services that are required in connection with a matter over which the magistrate judge has jurisdiction. 18 U.S.C. § 3006A (e)(1). By Local Rule, the United States District Court for the Middle District of Florida has authorized magistrate judges to perform all assigned duties which are not inconsistent with the Constitution and laws of the United States, and has specifically authorized magistrate judges to administer the

Court's CJA Plan. Local Rules 6.01 (a), (c)(4); 4.13 (a).

With the approval of the Judicial Council of the Eleventh Circuit, the Middle District of Florida adopted an Amended Criminal Justice Act Plan (as amended July 18, 1997). That CJA Plan defines the term "Court" so as to expressly authorize magistrate judges to perform functions under the CJA Plan, except as limited by specific statutory requirements. *See* Local Rules 4.13 (a); Amended Criminal Justice Act Plan, § 1.03.

### C. Counsel and Transcripts Under the Criminal Justice Act

Congress has provided that defendants may request counsel at government expense under the CJA, and also may request "other services." 18 U.S.C. § 3006A (e). A defendant seeking counsel or services under the Criminal Justice Act has the burden of proving inadequate financial means to pay for the services. *See United States v. Gravatt*, 868 F.2d 585, 588 (3rd Cir. 1989) (seeking appointed counsel); *accord, United States v. Sarsoun*, 834 F.2d 1358 (7th Cir. 1987); *United States v. Anderson*, 567 F.2d. 839, 840 (8th Cir. 1977). The defendant's burden does not relieve the district court of its responsibility to make further inquiry into the defendant's financial condition in order to ascertain whether the defendant is entitled to proceed under the CJA. *See Gravatt*, 868 F.2d at 588; *see also United States v. Moore*, 671 F.2d 139, 141 (5th Cir. 1982). In many cases, the district court may properly limit its review to the financial information supplied on the standard form financial affidavit. *Anderson*, 567 F.2d at 840.

Counsel for a person who is financially unable to obtain transcription services necessary for adequate representation may file an *ex parte* application requesting a transcript

at government expense.[4]  *See* 18 U.S.C. § 3006A (e) ("other services"); *United States v. Henderson*, 525 F.2d 247, 250 - 52 (5th Cir. 1975)(§ 3006A (e) covers transcripts); *accord, United States v. Brown*, 443 F.2d 659, 660 (D.C. Cir. 1970).

The Court may authorize a party or counsel to obtain the transcript at government expense after appropriate inquiry[5] in an *ex parte* proceeding if the Court finds that the services are necessary and that the person is financially unable to obtain them.  18 U.S.C. § 3006A (e).  Similarly, the CJA Plan requires either the district judge or the magistrate judge to consider whether the requested transcripts are necessary for an adequate defense, and whether the defendant is financially unable to obtain the services.  Local Rules 4.13 (a) and 6.01 (c)(4); Amended Criminal Justice Act Plan, §§ 1.03 and 3.01.  Congress has limited payment to $1,000 unless the Court or magistrate judge certifies that payment in excess of that limit is necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess is approved by the chief judge of the circuit.  18 U.S.C. § 3006A (e)(3).

### III.     APPLICATION TO DESRIVIERES

On August 8, 2000, Desrivieres filed a plea agreement in which he agreed to plead guilty to Counts 1, 5, 7 of the First Superseding Indictment.  Docket No. 122.  In Paragraph

---

[4]The CJA Plan permits even privately-retained counsel to file *ex parte* applications for transcripts.  *See* Amended Criminal Justice Act Plan, § 3.01 (a).

[5]The Criminal Justice Act does not further define an "appropriate inquiry" within the meaning of 18 U.S.C. § 3006A(e)(1).  Nevertheless, the United States Court of Appeals for the Eleventh Circuit requires a "full inquiry in the manner of *Jackson v. Denno*, 378 U.S. 368 (1964), into the financial ability of the defendant. . . ."  *See Wood v. United States*, 387 F.2d 353, 354 (5th Cir. 1967) (ability of the defendant to retain counsel); *United States v. Ellis,* 154 F.R.D. 697, 699 (M.D. Fla. 1993) (ability of the defendant to retain counsel).

5 on page 14 of the plea agreement, Desrivieres *expressly waived his right to appeal his sentence, directly or collaterally* on any ground except for an upward departure or a sentence above the statutory maximum or a *"sentence in violation of the law apart from the sentencing guidelines."* Docket No. 122 at 14, paragraph 5 (emphasis supplied). Desrivieres entered into the plea agreement and waiver of appeal freely and voluntarily. *See* Plea Agreement, Docket No. 122 at 15, paragraph 8 ("defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant . . ."). Pursuant to *United States v. Buchanan*, 131 F.2d 1005 (11th Cir. 1997), judges question each defendant at rearraignment to confirm that his waiver of the right to appeal his sentence is freely and voluntarily made. At his change of plea hearing on August 9, 2000, Desrivieres reaffirmed his understanding that he had waived his right to appeal from his sentence. Docket No. 124, 151.

On December 18, 2000, the Patricia C. Fawsett granted a motion to recognize his substantial assistance, and sentenced Desrivieres. Docket No. 237. On that same day, Desrivieres signed an acknowledgment that he had been advised of his right to appeal. Desrivieres acknowledged that "I will have waived my right to appeal in this case unless I file a notice of appeal (i) within ten (10) days after entry of the judgment or order appealed from . . ." Docket No. 238. Judgement was entered on December 20, 2000. Docket No.

243.[6] On January 26, 2004, Judge Fawsett granted the government's motion to reduce Desrivieres's sentence under Rule 35 to 212 months imprisonment on Counts 1 and 5, and 120 months consecutive on Count 7, for a total of 241 months. Docket Nos. 373, 379, 381.

Although Desrivieres's affidavit is not a Form 4 affidavit, it is nevertheless sufficient to demonstrate that he is indigent. Moreover, Desrivieres was represented by CJA counsel Christopher L. Smith in the district court. He is incarcerated, and remains indigent.

The Court next must determine whether Desrivieres's expressed intent to "appeal" from his sentence – nearly five years after waiving his right to appeal from his sentence or to collaterally attack it – is made in good faith. In essence, the Court must consider two forms of waiver of Desrivieres's right to appeal from his sentence: 1.) Desrivieres's substantive waiver of his right to appeal from his sentence, both in writing in his plea agreement [Docket No. 122] and orally at change of plea [Docket No. 124, 151]; and 2.) Desrivieres's procedural time default after acknowledging in writing [Docket No. 238] that he had only ten days to appeal.

With regard to the substantive waiver, Desrivieres has not clearly waived his right to appeal from or to collaterally attack "a sentence in violation of the law apart from the sentencing guidelines." Docket No. 122 at 14, paragraph 5. Arguably, a contest under *Booker* or *Blakely* is a non-waived ground for attack by appeal or collateral review. This Court cannot determine that Desrivieres has knowingly, freely, and voluntarily waived his

---

[6]The docket sheet recites the assignment of Eleventh Circuit Case Nos. 01-11019G and 01-11515 in March 2001, and an entry on June 6, 2002 that no further appeals were pending.

right to collaterally raise the sentencing issues that he now says that seeks to raise on "appeal." Although a direct appeal from his sentence is untimely and cannot be made in good faith, Desrivieres seems to instead seek record support for collateral relief in the district court (which Desrivieres has not yet pursued).

## IV. CONCLUSION

Desrivieres has long ago defaulted on any right that he may have had to seek direct appellate review of his sentence. Although he has filed no notice of appeal, any direct appeal of his sentence would be frivolous and not made in good faith. He may nevertheless be entitled to the documents that he seeks. It is therefore **RECOMMENDED** that Desrivieres's motion to proceed *in forma pauperis* on appeal [Docket No. 49] be **GRANTED IN PART AND DENIED IN PART.** It is

**FURTHER RECOMMENDED** that, to permit Desrivieres to consider collateral relief, the Clerk shall send him without charge the following documents from the Court file: the docket sheet as to Desrivieres; the First Superseding Indictment [Docket No. 56]; sentencing records [237, 238, 373]; the judgment and commitment order [243, 381]; defendant's objection to the Government's sentencing motion [ 379], and Defendant's objection to the P.S.I.R [only Desrivieres's objection page from the front of the PSIR, available from USPO]. It is

**FURTHER RECOMMENDED** that Desrivieres's request to copy and provide the lengthy sentencing transcript [Docket No. 255 (235 pages)] and the lengthy plea hearing

transcript [Docket No. 151 (71 pages)] be **DENIED without prejudice**.[7] The denial should be without prejudice to reapply attaching a certification that Desrivieres's former counsel has been unable to provide the transcripts to Desrivieres. Desrivieres was represented by Christopher L. Smith, 112 N. Summerlin Ave., Orlando, FL 32803 [tel. (407) 897-6888], who should receive a copy of this order.

Failure to file and serve written objections to the proposed findings and recommendations in this report, pursuant to 28 U.S.C. § 636 (b)(1)(B) and (e) and Local Rule 6.02, within ten days of the date of its filing shall bar an aggrieved party from a de novo determination by the district court of issues covered in the report, and shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE AND ORDERED** this 26th day of May, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[7]The Court reporters charge $ .82 per transcript page for copying, and the Clerk normally charges $ .50 per page for copying other records.